**UNITED STATES of America,
Plaintiff–Appellant,**

v.

**Roberto RAMIREZ, Defendant–Appellee.**

**No. 88–1036.**

United States Court of Appeals,
Seventh Circuit.

Submitted Jan. 8, 1988.

Decided Jan. 14, 1988.

Opinion March 25, 1988.

Victoria J. Peters, Deputy Chief U.S. Atty. (Anton R. Valukas, U.S. Atty.), Chicago, Ill., for plaintiff-appellant.

Donald I. Bierman, Bierman, Shohat & Loewy, P.A., Miami, Fla., for defendant-appellee.

Before WOOD, CUDAHY, and POSNER, Circuit Judges.

PER CURIAM.

On January 14 we reversed the district court's order, 840 F.2d 20, releasing the defendant on bond pending trial, and noted that an opinion explaining the grounds of our decision would follow. This is the opinion; and in it we modify our decision to make clear that Judge Moran is free to give further consideration to the defendant's request to be released pending trial.

Last summer the government seized a large shipment of cocaine (more than two tons, said to have a retail value of $200 million) in Chicago, and later indicted Roberto Ramirez on charges of possessing with intent to distribute, and conspiring to distribute, the cocaine. The government believes that the role of Ramirez—a wealthy man who came to this country from Cuba in 1979 and is now an American citizen living in Florida—in the conspiracy is to receive massive shipments of cocaine (of which the shipment seized was but one) from Colombia and then arrange for the cocaine to be shipped to distributors in Chicago and elsewhere. The government contends that if released on bond pending trial (which is scheduled to begin on March 8), Ramirez both will be likely to flee and will be a danger to the community. The district judge disagreed and ordered Ramirez released upon the posting of a $1 million bond secured by real estate and other assets of Ramirez and his family and friends. The government appeals.

We are not disposed to quarrel with the district judge's determination that Ramirez is unlikely to flee. The judge found persuasive the willingness of eight friends of Ramirez's, all of good reputation, to pledge their homes as security for his bond. But even if he poses no risk of flight, Ramirez must be detained pending trial if there is "no condition or combination of conditions [that] will reasonably assure [his] appearance [at trial] ... and the safety of the community"; and the absence of such condition or combination of conditions is presumed because there is probable cause to believe that Ramirez has committed a drug offense that carries a maximum punishment of ten years or more in prison. Bail Reform Act of 1984, 18 U.S.C. § 3142(e). The legislative history of the Bail Reform Act indicates that an "espe-

cially significant" consideration in determining danger to the community "is the drug network's ability to continue to function while the defendant awaits trial." *United States v. Portes,* 786 F.2d 758, 765 (7th Cir.1985); see S.Rep. No. 225, 98th Cong., 2nd Sess. 12 (1983), U.S.Code Cong. & Admin.News 1984, p. 3182. Ramirez is alleged to be a key figure in a vast international drug conspiracy which, so far as appears, continues to operate despite his arrest and the seizure of one of its drug shipments; one indication (albeit speculative, as Ramirez points out) is the unsolved murder a short time ago of an uncle of a conspirator who decided to cooperate with the prosecution. "Persons charged with major drug felonies are often in the business of importing or distributing dangerous drugs, and thus, because of the nature of the criminal activity with which they are charged, they pose a significant risk of pretrial recidivism." S.Rep. No. 225, *supra,* at 20, U.S.Code Cong. & Admin.News 1984, p. 3203. This description seems to fit Ramirez exactly. Yet *all* the district judge said on this score was that "the seizure of 5,000 pounds of cocaine, would lead one reasonably to believe that the loss of that kind of capital that means [means that?] people aren't really in a position to go forward even if the government is right in what it is charging." This is tantamount to saying that the larger the seizure of illegal drugs, the stronger the case for release on bond pending trial.

The fact that a large amount of drugs was seized cannot be conclusive evidence that the conspiracy is crippled, when there is no indication that the seizure was large in relation to the conspiracy's resources. The size of the shipment and the arrest of Ramirez may demonstrate not that the criminal enterprise has been enfeebled but only that it is of such magnitude as to retain the power to continue to do substantial harm, if perhaps less than before the seizure.

The record compiled in connection with the bail proceedings is substantial and it is possible that there are other grounds for concluding that Ramirez does not pose a danger to the community. But Judge Mor-

an did not articulate any other grounds; the mere size of the seizure and the conjectured interference with the ability of the conspiracy to continue to operate are not adequate. The order of release must therefore be vacated, and the matter returned to Judge Moran for further proceedings consistent with this opinion.

VACATED AND REMANDED.